**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LOUIS T. JONES, JR., N-97972** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 15-cv-1198-NJR** |
| | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| **BIG MUDDY RIVER** | ) | |
| **CORRECTIONAL CENTER,** | ) | |
| **STATEVILLE CORRECTIONAL** | ) | |
| **CENTER,** | ) | |
| **ROBINSON CORRECTIONAL** | ) | |
| **CENTER,** | ) | |
| **RANDY GROUNDS, and** | ) | |
| **WILLIAM C. NORTON** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Louis T. Jones is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"). Proceeding *pro se*, Jones has filed a complaint under 42 U.S.C. § 1983, alleging prison officials violated his rights under the Fifth Amendment by detaining him for a period in excess of the terms of his sentence. (Doc. 1 at 2.) He seeks compensatory, punitive, and specific relief. (*Id.* at 6.)

This matter is now before the Court for a preliminary review of Jones's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is

frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." For the reasons set forth below, Jones's claim does not survive preliminary review.

## Background

Jones asserts that he has been held in prison for a time in excess of his original sentence. According to Illinois Department of Corrections ("IDOC") public records, on August 14, 2004, Jones was sentenced to ten years for predatory criminal sexual assault and three years for aggravated criminal sexual abuse. Offender Search, Illinois Department of Corrections, http://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last accessed Nov. 13, 2015). The complaint asserts that Jones was only sentenced to eighty-five percent of his ten-year sentence for sexual assault. (Doc. 1 at 5.) According to Jones, this means that his sentence was completed on February 14, 2013; however, Jones asserts that Robinson Correctional Center ("Robinson") (where he was incarcerated at the time) required him to serve the full ten years, apparently releasing him on February 14, 2015. (*Id.* at 2.)

The Court assumes Jones was released on some sort of probationary basis, because the complaint goes on to state that IDOC "added another 6 months," and that "[t]hey said they revoke [sic.] 6 months good time when they never gave me no good time." (*Id.*) The complaint also states that "they" (presumably IDOC) told him he had to serve fifty percent of his three-year sentence for sexual abuse.

Jones states that he believes he should have finished his entire sentence on August 14, 2014.[1]

---

[1] Elsewhere in the complaint, however, Jones states Big Muddy and IDOC have held him against his will since March 10, 2015.

## Discussion

In *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam), the Supreme Court recognized that some prisoner civil rights cases straddle the line between what is actionable under § 1983, and what should instead be instituted in a habeas corpus action under 28 U.S.C. § 2254:

> Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum time of confinement.

*Muhammad*, 540 U.S. at 750-51 (citations omitted). *Muhammad* is based on two related decisions: *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). In *Heck*, the Supreme Court held that a § 1983 action for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not cognizable until the conviction or sentence has been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87. In *Balisok*, the Supreme Court held that claims that "necessarily imply the invalidity of the deprivation of [the prisoner's] good-time credits" are not actionable under § 1983 unless the prison disciplinary decision has been invalidated, even though the restoration of credits is not sought as a remedy. 520 U.S. at 646-68.

Jones claims that he has been held in confinement for longer than his original sentence. Specifically relevant is his statement that the prison officials allegedly told him they revoked six months good time credit. A finding in favor of Jones in this § 1983 action would "necessarily imply" that actions by prison officials affecting the duration of his confinement were invalid, and therefore would run afoul of *Heck* and its progeny. Thus his civil rights claim only ripens when

such actions have been reversed or otherwise invalidated. *See Simpson v. Nickel*, 450 F.3d 303, 306-07 (7th Cir. 2006). Therefore, Jones's due process claim must be dismissed.

The dismissal shall be without prejudice, however, to Jones raising his claim, should he wish to do so, if and when the actions imposing an extended duration of his confinement are overturned. Jones may be able to pursue relief in a federal habeas corpus case, after presenting his claim to the Illinois state courts. This includes appealing any adverse decision to the Illinois Appellate Court and the Illinois Supreme Court. The Illinois courts, for example, have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See* 735 ILL. COMP. STAT. 5/14-101 *et seq.*; *Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)).

## Pending Motion

Jones filed a motion for service of process at government expense. (Doc. 3.) That motion is **DENIED as moot**.

## Disposition

**IT IS HEREBY ORDERED** that any and all claims against all Defendants are **DISMISSED** without prejudice.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*,

133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil

Procedure 59(e) may toll the 30-day appeal deadline.[2] FED. R. APP. 4(a)(4).

     The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

     **IT IS SO ORDERED.**

     **DATED: November 17, 2015**

                                     **NANCY J. ROSENSTENGEL**
                                     **United States District Judge**

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).